# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MARIO WILLIAMS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-19-0820-HE |
| FNU GRAY, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Mario Williams, a state inmate appearing *pro se* and *in forma pauperis*, filed this case alleging violations of his constitutional rights pursuant to § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to U.S. Magistrate Judge Shon T. Erwin for initial proceedings. After conducting an initial review of the complaint pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B), Judge Erwin has issued a Report and Recommendation recommending that plaintiff has stated an individual capacity First Amendment retaliation claim against defendant Gray and an individual capacity First Amendment free exercise claim against Defendant Lindsey. Judge Erwin recommends that plaintiff's other claims be dismissed, and his motion for a preliminary injunction be denied. Plaintiff has objected to the Report which triggers *de novo* review of proposed findings or recommendations to which objection has been made.

Plaintiff brings all claims against the defendants in their individual and official capacities. Count I of the complaint is a First Amendment retaliation claim against

defendant Gray related to his filing of a grievance against her.¹  Count II is an Eighth Amendment cruel and unusual punishment claim against defendant Fowler due to the manner in which he was restrained during transport.  Count III is a First Amendment and RLUIPA claim against Defendant Lindsey because he was denied a kosher diet when he refused to sign the diet request form.  Plaintiff also alleges the requirement to sign the form is a policy or custom of the Oklahoma Department of Corrections ("DOC") that violates the Constitution extending liability to defendants Allbaugh and Crow in their official capacities, as well as claims against those defendants for failure to supervise/train.

Plaintiff objects to the recommended dismissal of his RLUIPA claim arguing that this claim was not render moot by his transfer to a new facility.  He asserts that the policy of the DOC requiring prisoners to sign a diet request form that contains rules that he does not wish to abide by violates his right to practice his religion.  Plaintiff, however, lacks standing to challenge the constitutionality of the policy because he refused to sign the form and, therefore, is not participating in the diet program.  Burnett v. Oklahoma Dep't of Corr., 737 Fed. Appx. 368, 374 (10th Cir. 2018).  Because no individual capacity claims may be raised under the RLUIPA, and because plaintiff lacks standing to challenge DOC policy as to the diet program, the court concludes these claims must be dismissed.

Plaintiff also objects to the recommended dismissal of his Eighth Amendment cruel and unusual punishment claim.  Plaintiff's complaint alleges that he had a doctor's order

---

¹ *Plaintiff has not objected to the Report's recommendation that he has stated individual capacity claims against Gray and Lindsey.*

2

that required that he be transported using a black medical belt instead of the standard iron chain and black box. Use of the standard restraints, according to plaintiff, results in swelling and pain. Plaintiff alleges that even after showing defendant Fowler a copy of the doctor's note, he was forced into the standard chains and black box. During transport, plaintiff alleges he experienced tremendous pain and anguish which caused him to suffer a panic attack. He claims that after transport his hands were swollen and that it was several hours before his hands were fully functional again.

The Report recommends dismissal of this claim due to the de minimis injuries alleged by plaintiff, coupled with the security need to restrain him during transport. The court concludes, however, that plaintiff has adequately stated an individual capacity Eighth Amendment claim against defendant Fowler. While the evidence may ultimately demonstrate that plaintiff only suffered de minimis injuries, his present allegations of tremendous pain and anguish sufficient to induce a panic attack are enough to state a plausible claim of cruel and unusual punishment. That plaintiff alleged he showed defendant Fowler the doctor's order requiring the use of the black medical belt for transport potentially demonstrates that Fowler knew of and ignored the risk of pain and suffering plaintiff may suffer from use of traditional restraints.

Plaintiff also objects to the dismissal of the supervisor liability claims against Allbaugh and Crow. He alleges that he has demonstrated an affirmative link between Allbaugh and Lindsey's actions which resulted in him being denied a special diet. As for Crow, the allegations go to the denial of his grievance on the same issue. As noted above, to the extent that these claims are based on the RLUIPA, he lacks standing to assert the

3

claim because his is not participating in the special diet program. With respect to the allegation that the denial of the special diet violated his First Amendment rights, his allegations fail to allege an Equal Protection claim against either Allbaugh or Crow. Likewise, as noted in the Report, plaintiff has failed to adequately allege supervisor liability against either Allbaugh for the actions of either defendants Gray or Fowler. Plaintiff has failed to identify any policy or procedure propagated by Allbaugh which led to these alleged constitutional deprivations.

Plaintiff has, however, adequately alleged that Allbaugh — in adopting and implementing the policy requiring prisoners to sign the new diet request form — promulgated a policy which subjected plaintiff to a deprivation of his First Amendment free exercise rights. Plaintiff has alleged Allbaugh's involvement in developing the policy, a causal connection between the policy and his deprivation, and a culpable state of mind. Thus, plaintiff has stated an individual capacity § 1983 supervisor liability claim against Allbaugh arising from his First Amendment free exercise claim.[2] However, plaintiff has failed to allege a First Amendment § 1983 claim against Crow base on the denial of his grievance. "Whatever knowledge [Crow] may have had when he denied the appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability." Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012).

---

[2] *No official capacity claims may be raised under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").*

4

The court concludes that plaintiff has stated four individual capacity claims: the First Amendment retaliation claim against Gray, the Eighth Amendment excessive force claim against Fowler, the First Amendment free exercise claim against Lindsey, and the § 1983 claim against Allbaugh.  Whether plaintiff can ultimately establish these claims is, of course, a very different question.  For present purposes, the court concludes only that plaintiff's allegations are sufficient to state the indicated claims.  It is unnecessary to address now the potential remedies which might be available to him should he ultimately establish one or more of the claims, except that the court substantially agrees with the Report's conclusion that plaintiff has not shown a likelihood of success on any claim such as might be the basis for a preliminary injunction.

Accordingly, the Report and Recommendation [Doc. #8] is **ADOPTED**, subject to the modifications noted here.  Plaintiff's official capacity claims, RLUIPA claims, and claims against Crow are **DISMISSED**.  Plaintiff's Motion for Preliminary Injunction [Doc. #3] is **DENIED**.  Remaining for adjudication are the four individual capacity claims identified above.  This case remains referred to Judge Erwin for further proceedings.

**IT IS SO ORDERED**.

Dated this 15th day of January, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE