## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARIO WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-19-820-STE |
| | ) |
| **FNU GRAY, et al.,** | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mario Williams, a state inmate appearing *pro se* and *in forma pauperis*, has filed a lawsuit under 42 U.S.C. § 1983, alleging various constitutional violations. (ECF No. 1). Previously, the Court ruled against Defendant Gray on a Motion for Summary Judgment. *See* ECF Nos. 37 & 40. Currently at issue before the Court is a second Motion for Summary Judgment filed by Defendant Gray on the remaining claim against her—a First Amendment retaliation claim in her individual capacity, limited to the recovery of monetary damages. **(ECF No. 70)**. The Court **GRANTS** Defendant Gray's Motion for Summary Judgment.

I. **STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B). The cited evidence should be viewed "in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case. *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994). Because Defendant Gray does not bear the burden of persuasion, her only obligation is to produce affirmative evidence negating an essential element of the claims or to show that Plaintiff lacks evidence to carry his burden. *See id.* If Defendant Gray satisfies this burden of production, Plaintiff can avoid summary judgment only if he presents evidence creating "an inference of the existence of *each element* essential to the case with respect to which [he] has the burden of proof." *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted) (emphasis added).

## II.   THE FIRST AMENDMENT RETALIATION CLAIM

Mr. Williams alleges that Defendant Gray impermissibly retaliated against him in violation of the First Amendment. (ECF No. 1:7-10). Defendant Gray has filed a Motion for Summary Judgment on this claim and Plaintiff has filed a response. (ECF Nos. 70 & 74). The Court grants Defendant Gray's Motion for Summary Judgment.

### A. Standard for Claims of Retaliation

Prison officials may not retaliate against prisoners for exercising their constitutional rights, including filing internal prison grievances. See *Fogle v. Pierson,* 435 F.3d 1252, 1264 (10th Cir. 2006). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "[W]hile a prisoner enjoys no constitutional right to remain in a particular institution . . . , prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." *Frazier v. Dubois*, 922 F.2d 560, 561–62 (10th Cir. 1990). To succeed on a First Amendment retaliation claim, Mr. Williams must demonstrate: "(1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). See also *Gee*, 627 F.3d at 1189 (applying same test to prisoner claims under 42 U.S.C. § 1983). To satisfy the third prong of this analysis, the inmate must allege that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson*, 149 F.3d at 1144 (10th Cir. 1998) (internal quotation marks omitted).

## B.     Defendant Gray is Entitled to Summary Judgment

While Plaintiff's case manager at Lexington Correctional Center (LCC) in 2016, Defendant Gray was suspended for one-day without pay after throwing a hole punch at Mr. Williams. (ECF No. 70-4). Thereafter, Ms. Gray was removed from Plaintiff's housing unit to prevent further contact between the two. (ECF Nos. 1:7). However, in 2019, Ms. Gray was moved back to Plaintiff's unit where she served as his case manager for approximately three weeks. (ECF No. 70-5). At that time, Plaintiff was allegedly "warned by a confidential staff member to watch [his] back because [he] was still on C/M Gray's radar for the 2016 incident[.]" (ECF No. 1:7). While serving as Plaintiff's case manager Plaintiff alleges that Defendant Gray impermissibly retaliated against him by taking action which resulted in his transfer to Lawton Correctional Facility (LCF). (ECF Nos. 1:7-9, 14-15, 24; 33:3-4, 11-16). Defendant Gray contends that she is entitled to summary judgment on the retaliation claim because Plaintiff cannot prove that "but for" a retaliatory motive, Mr. Williams would not have been transferred. The Court agrees.

In the first Motion for Summary Judgment, Defendant Gray argued that Plaintiff's transfer was: (1) "due to his overfamiliarity with LCC and the amount of influence he had over inmates at the facility" and (2) to facilitate programming needs at LCC. (ECF No. 24-26). In support, Defendant Gray submitted a "Facility Assignment Form" (FAF) which was processed in connection with Plaintiff's transfer. (ECF No. 24-26). In Section II, the "Description of Reason for Transfer," the FAF stated:

> Recommend transfer to another medium security facility due to over familiarity with the facility. Inmate has been at LCC since 3/7/14 and has a lot of influence over inmates.

(ECF No. 24-26). In Section V, the FAF stated: "Med GP Lat Make room fr Program." (ECF No. 24-26). As discussed in the Report and Recommendation, the Court concluded that "The FAF provides clear evidence of the first rationale [overfamiliarity with the facility and influence over inmates], but not of the second [to facilitate programming needs at LCC]." (ECF No. 37:10). Discounting the rationale regarding programming needs,[1] what remained was the rationale that Plaintiff was transferred due to his "overfamiliarity with the facility and influence on other inmates." Although Defendant had given a facially valid reason for the transfer, Mr. Williams presented evidence in the form of his sworn statement that the rationale was mere pretext—as evidenced by other retaliatory actions taken by Ms. Gray around the time of the transfer—namely that Defendant Gray had improperly enhanced his security points by (4) for a disciplinary conviction which he did not have. (ECF No. 37:11-13). The Court concluded that Plaintiff's evidence, which Defendant did not dispute, created a genuine issue of material fact regarding the motive behind the "comments" placed in Defendant's file, which ultimately served as the basis for the transfer.

---

[1] Previously, the Court determined that the FAF did not provide concrete evidence that Plaintiff was transferred to LCF to facilitate programming needs at LCC because the section on the FAF which indicated the same was written in a section completed by the receiving facility—LCF—not the transferring facility—LCC. *See* ECF No. 37:10.

5

Now, in Defendant Gray's second Motion for Summary Judgment, she has once again argued the absence of the third element of a retaliation claim—that "but for the retaliatory motive, the incidents to which [Plaintiff] refers . . . would not have taken place." *See* ECF No. 70; *see supra*, *Peterson*.[2] This time, however, Defendant Gray has submitted additional and undisputed evidence regarding Plaintiff's transfer which negates involvement attributable to Ms. Gray as the party responsible for the transfer. First, Ms. Gray has submitted an affidavit from Aaron Cosar—Fellowship Academy Program Director at LCC. *See* ECF No. 70-6. According to Mr. Cosar, "Unit 5" at LCC houses the participants of the Prison Fellowship Program, in which Mr. Williams was enrolled. *Id.* After the year-long program ends, the participating inmates are transferred out of Unit 5 to make room for new program participants. *Id.* At times, inmates are asked to stay in Unit 5 after graduating to serve as mentors to new program participants, but staying in Unit 5 is never guaranteed. *Id.* Under oath, Mr. Cosar states that Plaintiff graduated the program in August 2018 and "[d]uring May and June 2019, we needed to transfer out 40 inmates from Unit 5 to make room for new program participants." *Id.* As a result, Mr. Cosar states that he contacted Unit Manager Diana Wesson to begin the transfer process. *Id.*

Second, Defendant Gray submitted an affidavit from Diana Wesson regarding her role in the transfer. According to Ms. Wesson, upon Mr. Cosar's request to transfer 40

---

[2] Defendant Gray also argues that she is entitled to summary judgment on grounds of qualified immunity, but the Court need not address this proposition, as summary judgment is appropriate on other grounds. *See infra*; *see Roland v. Oklahoma Correctional Industries*, 2015 WL 6438901, at *3 (W.D. Okla. Sept. 29, 2015).

6

inmates, she informed Defendant Gray by giving her a list of the inmates to be transferred, which included Mr. Williams. (ECF No. 70-9). Ms. Wesson also told Ms. Gray that Plaintiff was "causing disruptions within the facility, that he had a mentality that he was staff and was inappropriately acing as staff, and that he had a lot of influence over other inmates." *Id.* On this basis, Ms. Wesson asked Defendant Gray to submit a transfer request to transfer Mr. Williams from the facility. According to Ms. Wesson, Ms. Gray did not participate in creating the transfer list, nor did she suggest that Plaintiff be transferred. *Id.*

Previously, the Court had decided: (1) there had existed only one rationale for the transfer—comments placed in Plaintiff's file by Defendant Gray regarding his "overfamiliarity with the facility and influence on inmates" and (2) other evidence existed which raised a factual dispute regarding Defendant's Gray's motive for placing those comments in Plaintiff's file. However, the new evidence submitted by Defendant Gray demonstrates that the transfer was based on: (1) a need for space in Unit 5 to accommodate new participants in the Prison Fellowship Academy Program and (2) Plaintiff's overfamiliarity with the facility and influence on inmates—which had been observed and noted as a concern by Ms. Wesson, not Defendant Gray. Although it had initially appeared as though Defendant Gray had placed the "comments" in Plaintiff's file, as evidenced by the FAF,[3] it is clear now that the source of the comments was Ms. Wesson, not Defendant Gray.

---

[3] *See* ECF No. 24-26.

Previously, the Court had stated that Defendant Gray's improperly assessing Mr. Williams with additional security points based on a disciplinary conviction which Plaintiff did not have provided evidence that Defendant Gray had acted with a retaliatory motive in placing the "comments" in Plaintiff's file—comments which the parties agreed had provided the basis for the transfer. *See* ECF No. 37. But the additional evidence submitted by Ms. Gray with the current Motion for Summary Judgment demonstrates otherwise. *See supra*. In light of this additional evidence, the evidence regarding the assessment of security points is irrelevant because the bases for the transfer are now clear.

Defendant Gray has produced affirmative evidence negating the third element of a First Amendment retaliation claim—that "but for" her actions in placing the comments in Plaintiff's file, he would not have been transferred. The comments were only one of two reasons for the transfer and Defendant Gray has produced evidence that the comments were not even attributable to her. Because Defendant Gray has satisfied her burden of production, Plaintiff can avoid summary judgment only if he presents evidence creating "an inference of the existence of *each element* essential to the case with respect to which [he] has the burden of proof." *See supra*, *Terra Venture, Inc.* Plaintiff has failed in this regard, instead only arguing that that Defendant Gray's evidence is insufficient and the misconduct points served as proof of the retaliatory intent. *See* ECF No. 74. The Court concludes: (1) that the affidavit evidence submitted by Defendant Gray is sufficient, *see supra*, Fed. R. Civ. P. 56(a); and (2) the misconduct points are irrelevant to the transfer, as previously discussed.

**ORDER**

Based on the forgoing, the Court **GRANTS** summary judgment to Defendant Gray on the First Amendment retaliation claim.

ENTERED on October 18, 2022.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE